UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:06-CV-1631-ORL-28KRS

VIPRE SYSTEMS, LLC, a Florida limited
liability company,

       Plaintiff,

v.

NITV, LLC, a Florida limited liability company,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

DEFENDANT, NITV, LLC, a Florida limited liability corporation ("NITV") by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's, VIPRE SYSTEMS, LLC ("VIPRE") Complaint and states as follows:

## GENERAL ALLEGATIONS

Any allegation not specifically admitted herein is hereby deemed denied with the full force and effect of a specific denial and full proof thereof is demanded at time of trial. Defendant NITV denies that it is liable to the Plaintiff under the facts as pled, and therefore demand strict proof thereof at time of trial.

## SPECIFIC ALLEGATIONS

With respect to each enumerated paragraph, Defendant NITV further responds as follows:

1.      Defendant NITV is currently without knowledge or information sufficient to enable it to answer the allegations contained in paragraph 1 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

2.      Defendant NITV admits the allegations contained in paragraph 2 of the Complaint.

3.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 3 of the Complaint.

4.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 4 of the Complaint.

5.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 5 of the Complaint.

6.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 6 of the Complaint.

7.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 7 of the Complaint.

8.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 8 of the Complaint.

9.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 9 of the Complaint.

10.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 10 of the Complaint.

11.    Defendant NITV avers that no response to a paragraph numbered 11 is required as there is no such paragraph in the Complaint.

12.    Defendant NITV is currently without knowledge or information sufficient to enable it to answer the allegations contained in paragraph 12 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

13.    Defendant NITV is currently without knowledge or information sufficient to enable it to answer the allegations contained in paragraph 13 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

14.    Defendant NITV admits the allegations contained in paragraph 14 of the Complaint.

15.    Defendant NITV denies the allegation contained in paragraph 15 that "National Institute for Truth Verification" is a slogan, but admits the remainder of the allegations contained in paragraph 15 of the Complaint.

16.    Defendant NITV admits generally that it requires its customers to enter into license agreements, but denies the remainder of the allegations contained in paragraph 16  that "National Institute for Truth Verification" is a slogan, but admits the remainder of the allegations contained in paragraph 16 of the Complaint.

17.    Defendant NITV admits the allegations contained in paragraph 17 of the Complaint.

18.    Defendant NITV is currently without knowledge or information sufficient to

enable it to answer the allegations contained in paragraph 18 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

19.    Defendant NITV is currently without knowledge or information sufficient to enable it to answer the allegations contained in paragraph 19 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

20.    Defendant NITV is currently without knowledge or information sufficient to enable it to answer the allegations contained in paragraph 20 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

21.    Defendant NITV is currently without knowledge or information sufficient to enable it to answer the allegations contained in paragraph 21 of the Complaint and based on such lack of knowledge or information, Defendant NITV denies generally and specifically each and every allegation contained in said paragraph of the Complaint.

22.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 22 of the Complaint.

23.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 23 of the Complaint.

24.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 24 of the Complaint.

25.    Defendant NITV avers that the letter referred to in paragraph 25 of the

Complaint speaks for itself.  Otherwise,  Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 25 of the Complaint.

26.    Defendant NITV avers that the letter referred to in paragraph 26 of the Complaint speaks for itself.  Otherwise,  Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 26 of the Complaint.

27.    Defendant NITV avers that the letter referred to in paragraph 27 of the Complaint speaks for itself.  Otherwise,  Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 27 of the Complaint.

28.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 28 of the Complaint.

29.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 29 of the Complaint.

30.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 30 of the Complaint.

31.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 31 of the Complaint.

32.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 32 of the Complaint.

33.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 33 of the Complaint.

34.    In paragraph 34 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response

to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

35.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 35 of the Complaint.

36.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 36 of the Complaint.

37.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 37 of the Complaint.

38.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 38 of the Complaint.

39.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 39 of the Complaint.

40.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 40 of the Complaint.

41.    In paragraph 41 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

42.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 42 of the Complaint.

43.    Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 43 of the Complaint.

Case 6:06-cv-01631-JA-KRS   Document 9   Filed 12/04/06   Page 7 of 20 PageID 64

Vipre v. NITV
Case No.  6:06-CV-1631-ORL-28KRS
Page 7

44.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 44 of the Complaint.

45.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 45 of the Complaint.

46.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 46 of the Complaint.

47.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 47 of the Complaint.

48.     In paragraph 48 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

49.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 49 of the Complaint.

50.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 50 of the Complaint.

51.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 51 of the Complaint.

52.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 52 of the Complaint.

53.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 53 of the Complaint.

54.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 54 of the Complaint.

55.     In paragraph 55 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

56.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 56 of the Complaint.

57.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 57 of the Complaint.

58.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 58 of the Complaint.

59.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 59 of the Complaint.

60.     In paragraph 60 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

61.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 61 of the Complaint.

62.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 62 of the Complaint.

63.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 63 of the Complaint.

64.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 64 of the Complaint.

65.     In paragraph 65 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

66.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 66 of the Complaint.

67.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 67 of the Complaint.

68.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 68 of the Complaint.

69.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 69 of the Complaint.

70.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 70 of the Complaint.

71.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 71 of the Complaint.

72.     In paragraph 72 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response

to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

73.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 73 of the Complaint.

74.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 74 of the Complaint.

75.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 75 of the Complaint.

76.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 76 of the Complaint.

77.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 77 of the Complaint.

78.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 78 of the Complaint.

79.      In paragraph 79 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

80.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 80 of the Complaint.

81.      Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 81 of the Complaint.

82.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 82 of the Complaint.

83.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 83 of the Complaint.

84.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 84 of the Complaint.

85.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 85 of the Complaint.

86.     In paragraph 86 of the Complaint, plaintiff restates and reincorporates by reference the allegations of paragraphs 1 - 32 of the Complaint.  Therefore, in response to this paragraph Defendant NITV restates and reincorporates by reference its answers to the allegations of paragraphs 1 - 32 of the Complaint.

87.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 87 of the Complaint.

88.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 88 of the Complaint.

89.     Defendant NITV denies generally and specifically each and every allegation set forth in paragraph 89 of the Complaint.

90.     Defendant NITV denies generally and specifically each and every prayer for relief set forth in the Complaint.

## AFFIRMATIVE DEFENSES

1.     As and for its first affirmative defense to the Complaint, Defendant NITV

states that Counts One, Two, and Three of the Complaint all fail to state a claims upon which relief can be granted. Specifically, the statements in the Complaint contained in Exhibit D to the Complaint that plaintiff complains of: a) were not used in connection with any goods and services; b) were not false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact; c) were not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of plaintiff with NITV, or as to the origin, sponsorship, or approval of the plaintiff's goods, services, or commercial activities by another person; d) were not used in commercial advertising or promotion; e) did not misrepresent the nature, characteristics, qualities or geographic origin of NITV's or another person's goods, services, or commercial activities; and/or f) caused no damage to plaintiff.

2.      As and for its second affirmative defense to the Complaint, Defendant NITV states that Counts One, Two, and Three of the Complaint all fail to state a claims upon which relief can be granted. Specifically, the statements in the Complaint contained in Exhibit D to the Complaint that plaintiff complains of are alleged to have been made to customers of NITV, rather than customers of plaintiff or the general public, and therefore cannot form the basis for these claims.

3.      As and for its third affirmative defense to the Complaint, Defendant NITV states that Count Nine of the Complaint fails to state a claim upon which relief can be granted. Specifically, under Florida law, "an action for tortious interference with business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the

defendant had not interfered." Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 812-13 (Fla.1994) (denying a claim for tortious interference with business relationship where Appellee had no identifiable agreement with its past customers that they would return" for future business). In order to state a claim for tortious interference, a plaintiff must "prove a business relationship with an identifiable person." Ferguson Transp., Inc. v. North American Van Lines, Inc., 687 So.2d 821, 822 (Fla.1996). In Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA 1971), the court enumerated the elements of this tort as follows: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship.   In this regard, Plaintiff has failed to allege that it had any identifiable agreements with past customers that they would return for future business or that any relationships existed which were evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if Defendant NITV had not interfered.  Moreover, it is well-settled that competition for business by a competitor is not actionable, even if intentional, unless the competitor is attempting to induce a customer to breach a contract that is not terminable at will. See Sethscot Collection, Inc. v. Drbul, 669 So.2d 1076, 1078 (Fla. 3d DCA 1996); Greenberg v. Mount Sinai Med. Ctr. of Greater Miami, Inc., 629 So.2d 252, 255 (Fla. 3d DCA 1993). See also, Advantage Digital Systems, Inc., v. Digital Imaging Services, Inc., 870 So.2d 111 (Fla. 2d DCA 2003). Indeed, Plaintiff has not and cannot allege the foregoing.

        4.      As and for its fourth affirmative defense to the Complaint, Defendant NITV

states that the Complaint should be barred based upon the application of the doctrine of unclean hands.  Third-Party David Hughes ("HUGHES") was employed by NITV from approximately 1993 through August 30, 2005, when he abandoned his employment. Third-Party Robert Martin ("MARTIN") was engaged by NITV as an independent contract instructor beginning in 1997 through December of 2005.  As employees or contractors of NITV, MARTIN and HUGHES had access to sensitive and specialized proprietary information including, but not limited to, security products, electronic products, trade secrets, customer information, blue prints, schematics and design information, which are the property of NITV.  As employees or contractors of NITV, MARTIN and HUGHES also had access to formulas, patterns, compilations, programs, devices, methods, techniques and process that derive independent economic value from not being generally known and not readily ascertainable by others.  MARTIN and HUGHES owed a fiduciary duty to NITV during the time that they were employed or contracted with NITV.  NITV had a legitimate business interest in protecting its trade secrets, valuable and confidential business and professional information, substantial relationships with existing and prospective clients and extraordinary and specialized training materials and processes.

Moreover, as a condition of his engagement with NITV as an independent contract instructor, on January 30, 2004, MARTIN entered into an Instructor Agreement that contains a covenant not to compete and a non-disclosure agreement, the express purpose of which was to protect trade secrets and other confidential information of NITV.

While fully aware of NITV's interests in maintaining the confidentiality of its trade secrets and in enforcing restrictive covenants against competition entered into with

employees and independent contractors, HUGHES and MARTIN misappropriated NITV's trade secrets. Thereafter, HUGHES formed, among other entities, VIPRE Voice Stress Sales & Training LLC ("VIPRE SALES"), which is a party to the agreement annexed as Exhibit C to Plaintiff's complaint in this action.  Upon information and belief, MARTIN and HUGHES then, with plaintiff's knowledge, consent and participation, operated VIPRE SALES and used VIPRE SALES to assist the plaintiff herein to infringe on NITV's copyrights and illegally compete against NITV.  In the course of operating VIPRE SALES, MARTIN and HUGHES provided the plaintiff herein with proprietary, confidential and trade secret information MARTIN and HUGHES had removed from NITV's possession, without the consent of NITV.  In addition, in the course of operating, among other entities, VIPRE SALES, MARTIN and HUGHES engaged in competition with NITV in violation of the restrictive covenants they had entered into with NITV, with the consent, assistance and encouragement of the plaintiff herein.  Based upon the actions described herein, the plaintiff's Complaint should be barred based upon the application of the doctrine of unclean hands.

5.    As and for its fifth affirmative defense to the Complaint, Defendant NITV states that the Complaint should be barred based upon the application of the doctrine of estoppel.  Third-Party HUGHES was employed by NITV from approximately 1993 through August 30, 2005, when he abandoned his employment.  Third-Party MARTIN was engaged by NITV as an independent contract instructor beginning in 1997 through December of 2005.  As employees or contractors of NITV, MARTIN and HUGHES had access to sensitive and specialized proprietary information including, but not limited to, security

products, electronic products, trade secrets, customer information, blue prints, schematics and design information, which are the property of NITV.  As employees or contractors of NITV, MARTIN and HUGHES also had access to formulas, patterns, compilations, programs, devices, methods, techniques and process that derive independent economic value from not being generally known and not readily ascertainable by others.  MARTIN and HUGHES owed a fiduciary duty to NITV during the time that they were employed or contracted with NITV.  NITV had a legitimate business interest in protecting its trade secrets, valuable and confidential business and professional information, substantial relationships with existing and prospective clients and extraordinary and specialized training materials and processes.

While fully aware of NITV's interests in maintaining the confidentiality of its trade secrets and in enforcing restrictive covenants against competition entered into with employees and independent contractors, HUGHES and MARTIN misappropriated NITV's trade secrets. Thereafter, HUGHES formed, among other entities, VIPRE Voice Stress Sales & Training LLC ("VIPRE SALES"), which is a party to the agreement annexed as Exhibit C to Plaintiff's complaint in this action.  Upon information and belief, MARTIN and HUGHES then, with plaintiff's knowledge, consent and participation, operated VIPRE SALES and used VIPRE SALES to assist the plaintiff herein to infringe on NITV's copyrights and illegally compete against NITV.  In the course of operating VIPRE SALES, MARTIN, HUGHES and other persons and/or entities provided the plaintiff herein with proprietary, confidential and trade secret information MARTIN and HUGHES had removed from NITV's possession, without the consent of NITV.  In addition, in the course of

operating, among other entities, VIPRE SALES, MARTIN, HUGHES and other persons and/or entities engaged in competition with NITV in violation of the restrictive covenants which MARTIN and HUGHES had entered into with NITV, with the knowledge consent, assistance and encouragement of the plaintiff herein.

6.      As and for its sixth affirmative defense to the Complaint,  Defendant NITV states that due to the fact that Defendant, NITV is a lawful competitor of Defendant, it was privileged to commit the acts alleged in the Complaint by virtue of the competition privilege, *see, e.g., Wackenhut Corp. v. Maimone*, 389 So. 2d 656, 658 (Fla. 4th DCA 1980).

7.      As and for its seventh affirmative defense to the Complaint,  Defendant NITV states that the maintenance of the state law claims contained in the Complaint violates § 542.18, Florida Statutes' Prohibition against Contracts, Combination and Conspiracies in restraint of trade, and therefore the these state law claims are barred.

8.      As and for its eighth affirmative defense to the Complaint,  Defendant NITV states that the Complaint fails to name an indispensable party, to wit VIPRE Voice Stress Sales & Training LLC.

9.      As and for its ninth affirmative defense to the Complaint,  Defendant NITV states that the acts of Defendant NITV were a fair use and in good faith and thus, Plaintiff is prohibited from maintaining a cause of action set forth in Counts I, II, III, VI, VII, VIII, IX, and X.

10.      As and for its tenth affirmative defense to the Complaint,  Defendant NITV states that the maintenance of this action violates the antitrust laws of the United States.

11.      As and for its eleventh affirmative defense to the Complaint, Defendant NITV

states that Counts I, II, and III fail to state a claim upon which relief can be granted. Specifically, the statements made in Exhibit "D" of the Complaint are not considered advertisements, advertising or promotional material used to influence customers to buy Defendant, NITV's goods and services. Accordingly, to the extent that Plaintiff's claims are at all based upon the statements made in Exhibit "D", such claims fail as a matter of law.

12.     As for its eleventh affirmative defense to the Complaint, Defendant NITV states that the Plaintiffs lack standing to seek relief requested within Counts IV and V of the Complaint. Specifically, the Plaintiffs are not named in Exhibit "D" to the Complaint and the Plaintiffs cannot demonstrate that an injury has occurred or that there exists a controversy between the Plaintiffs and Defendant, NITV such that would warrant declaratory relief as sought.

## DAMAND FOR JURY TRIAL

_____Defendant demands a trial by jury on all claims so triable.


            Dated: December 4, 2006
             Boca Raton, Florida
                        Respectfully submitted,
                        SEIDEN, ALDER & MATTHEWMAN, P.A.
                        Attorneys for -Defendant,
                        NITV, LLC.,
                        Glades Twin Plaza, West Tower, Suite 340
                        2300 Glades Road
                        Boca Raton, Florida 33431-8534
                        Telephone:   561-416-0170
                        Facsimile:    561-416-0171


                        By:____/s/ Joel B. Rothman_____
                             Joel B. Rothman
                             Florida Bar No. 0098220
                             jrothman@seidenlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel for record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SEIDEN, ALDER & MATTHEWMAN, P.A.
Attorneys for Plaintiffs
2300 Glades Road, Suite 340 West
Boca Raton, FL 33431-8534
Telephone:   (561) 416-0170
Facsimile:    (561) 416-0171


By: _/s/ Joel B. Rothman_____
          Joel B. Rothman
          Florida Bar No. 0098220

## SERVICE LIST

**VIPRE SYSTEMS, LLC, a Florida limited liability company, Plaintiff, v.  NITV, LLC,**
**a Florida limited liability company, Defendant**
**CASE NO.: 6:06-CV-1631-ORL-28KRS**
**United States District Court, Middle District of Florida**

Brian R. Gilchrist, Esquire
Florida Bar No. 774065
Herbert L. Allen, Esquire
Florida Bar No. 114126
Allen, Dryer, Doppelt, Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
PO Box 3791
Orlando, Florida 32802-3791
407-841-2330
Fax 407-841-2343
e-mail: bgilchrist@addmg.com
e-mail: hallen@addmg.com
(Counsel for Plaintiff)

Joel B. Rothman, Esquire
Florida Bar No. 0098220
Seiden, Alder & Matthewman, P.A.
2300 Glades Road, Suite 340W
Boca Raton, Florida 33431
Telephone:    (561) 416-0170
Facsimile:    (561) 416-0171
jrothman@seidenlaw.com
(Counsel for Defendant)

W:\871.008\P\Answer.Rev.1[rsn].wpd