**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIPRE SYSTEMS LLC,**

        **Plaintiff,**

-vs-                                                    Case No. 6:06-cv-1631-Orl-28KRS

**NITV LLC,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION . . . TO COMPEL DEPOSITION OF CORPORATE REPRESENTATIVE (Doc. No. 20)**
>
> **FILED:** **March 23, 2007**

Plaintiff VIPRE Systems LLC (VIPRE) asks the Court to compel Defendant NITV LLC (NITV) to produce one or more corporate representatives to testify pursuant to a notice of deposition served pursuant to Federal Rule of Civil Procedure 30(b)(6). The parties have been unable to agree on a date for the deposition. Additionally, NITV asserted objections to the notice of deposition in its response to the motion to compel, to which VIPRE has not had an opportunity to respond.[1]

---

[1] The proper manner for NITV to assert objections to a notice of deposition is through a motion for a protective order filed before the date of the deposition. *See Middle District Discovery (2001)* at VI(B) ("The mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the requested or scheduled discovery. Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due."). Because the parties have not agreed on

Accordingly, it is **ORDERED** that counsel for the parties shall again confer in a good faith effort to narrow the issues presented in the motion and response thereto. It is further **ORDERED** that on or before May 11, 2007, VIPRE shall file a response to the objections raised by NITV, to the extent not resolved by the good faith conference. I will take the motion under advisement after VIPRE files its reply memorandum.

To guide counsel in the good faith conference, VIPRE is advised that the restrictions on travel contained in Federal Rule of Civil Procedure 45(c)(3)(A)(ii) and (c)(3)(B)(iii) do not apply to the deposition of a party pursuant to Rule 30(b)(6).[2] Furthermore, a corporation may designate as its corporate representative anyone who has the most knowledge of the issues that are the subject of a Rule 30(b)(6) deposition; the individual(s) designated need not be an officer, director or managing agent of the corporation. *See* Fed. R. Civ. P. 30(b)(6)("[T]he organization . . . shall designate one or

---

a date for the Rule 30(b)(6) deposition at issue here, I will address the objections raised to the notice of deposition without requiring the filing of a protective order.

[2] *Cates v. LTV Aerospace Corp.*, 480 F.2d 620 (5th Cir. 1973), is distinguishable from the present case on its facts. In *Cates*, a party was seeking to compel the Department of the Navy, which was not a party in the case, to produce documents in Texas, which was the forum of the litigation. In the present case, because the notice of deposition is being issued to a party, the provisions of Rule 45 are not applicable.

more officers, directors, or managing agents, *or other persons who consent to testify on its behalf . . . .*") (emphasis added).

    **DONE** and **ORDERED** in Orlando, Florida on April 26, 2007.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties