# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VIPRE SYSTEMS LLC,**

                              **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-1631-Orl-28KRS**

**NITV LLC,**

                              **Defendant.**

_____

## ORDER

        This cause came on for consideration without oral argument on the following motions filed

herein:

---

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION . . . TO COMPEL DOCUMENT PRODUCTION FROM DEFENDANT AND REQUEST FOR FEES (Doc. No. 21)** |
| **FILED:** | **March 23, 2007** |

---

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part, as set forth herein, and **DENIED** in all other respects.

---

        According to the allegations of the amended complaint, both Plaintiff VIPRE Systems, Inc.

(VIPRE) and Defendant NITV LLC (NITV) have marketed voice stress analysis products.[1]  Doc. No.

19.  VIPRE contends that NITV has falsely asserted to consumers and potential consumers of these

products that VIPRE's voice stress analysis product is untested and inferior to NITV's voice stress

---

[1] NITV marketed its products under the mark "CVSA," and offered training for these products under the marks "NITV" and "National Institute for Truth Verification."  Doc. No. 19 ¶ 11.

analysis product, and that VIPRE "stole the technology" for its products from NITV, among other things.  *Id.*  As a result VIPRE sued NITV alleging unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition, and tortious interference.  VIPRE also seeks a declaratory judgment that its voice stress analysis products were not developed with trade secrets stolen from NITV and that VIPRE is not infringing NITV's copyright through its conversion sales program.  *Id.*

VIPRE served its First Request for Production of Documents on NITV on January 2, 2007. In response, NITV represented that it would produce at least some documents responsive to requests numbers 1, 4, 10, 21, 23-27, 29-32, 43, 52, and 70-82, but VIPRE contends that it has not done so. Doc. No. 21.  VIPRE now moves to compel production of all documents responsive to these requests.[2] I will discuss the requests at issue grouped by category.

A.      *Requests With Respect to Which NITV Agreed to Produce Responsive Documents.*

In response to requests 14, 52, and 70 through 82, NITV agreed to produce all responsive documents.  In response to requests 1, 4, 10, 21, 23 through 27, 29 through 31, 32, and 43, NITV agreed to produce some responsive documents.  NITV does not dispute that it agreed to produce documents responsive to these requests, in whole or in part.[3]  Instead, NITV indicates that it has taken longer than anticipated to gather the documents, counsel has been otherwise occupied in litigation, and the requests may become moot if the Court grants NITV's motion to dismiss the amended complaint.

_____

[2] VIPRE also moved to compel production of documents responsive to request 15.  Because VIPRE did not quote request 15 and the response thereto in its motion, as required by Local Rule 3.04, I will not address request 15 in this order.

[3] Some of the agreements to produce documents were conditioned on the parties' entry into a Confidentiality Agreement.  Such an agreement was executed on March 8, 2007.

It also seeks to renege on its agreement to produce some of the documents, arguing that the Court should first rule on its objections to the requests.

None of these reasons supports NITV's failure to produce responsive documents pursuant to its agreement to do so.  If NITV needed an enlargement of time to produce documents, and such enlargement of time would not be granted by counsel for VIPRE, NITV could and should have filed a motion for additional time with the Court.  *Cf. Middle District Discovery (2001)* at I(E)(1) ("If unable to informally resolve the matter, counsel should move for an extension of time to respond.").  A party may not simply ignore a deadline established by rules or orders of the Court as extended by agreement between the parties.

With respect to the pendency of the motion to dismiss, nothing in the Federal Rules of Civil Procedure or this Court's orders permits a party to refuse to respond to discovery requests simply because a motion to dismiss is pending.  Once again, if NITV believed that an enlargement of time was appropriate for this reason, it was obligated to seek such an enlargement of time to produce the documents from the Court.  *Id.*[4]

Finally, a party who agrees to produce documents must fulfill its agreement even though there may be unresolved disputes with respect to production of all of the documents called for in a discovery request.  *See Middle District Discovery (2001)* at III(A)(8) ("If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request.").

---

[4]  The motion to dismiss has been denied.  Doc. No. 27.

-3-

Accordingly, it is **ORDERED** that, on or before May 11, 2007, NITV shall produce for inspection and copying documents responsive to requests numbers 1, 4, 10, 21, 23-27, 29-32, 43, 52, and 70-82 that it previously agreed to produce.  Because the parties have entered into a Confidentiality Agreement, and NITV has not filed a motion for a protective order, NITV may not withhold documents "subject to entry of a confidentiality order." *See, e.g.,* response to requests 1, 4, 30, and 31.

      B.      *Objections Based on Privileges and Protections.*

In response to requests 10, 23 through 27, 29 through 31, 32, and 43, NITV asserted objections based on attorney-client privilege, work product, and trade secrets.  It is **ORDERED** that NITV shall identify every document responsive to these requests withheld on the basis of privilege or protection in a privilege log.[5]  *See* Fed. R. Civ. P. 26(a)(5).  The privilege log shall set forth the privilege or protection relied upon and specify the following information as to each document, or portion thereof, withheld from production:

      a.      The name and job title or capacity of the author;

      b.      The name and job title or capacity of each recipient;

      c.      The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

      d.      The title and description of the document;

      e.      The subject matter addressed in the document;

---

[5]  This is the Court order requiring production of responsive documents and a privilege log contemplated by my earlier order dated March 6, 2007.  Doc. No. 18.  Accordingly, NITV may not rely upon the earlier order as a basis to delay production of a privilege log as required by the present order.

   f.  The purpose(s) for which it was prepared or communicated; and

   g.  The specific basis for the claim that it is privileged.

The privilege log must be sufficient on its face to provide *prima facie* support for each privilege and protection asserted.  It is further **ORDERED** that NITV shall serve this privilege log on VIPRE on or before May 11, 2007.

   *C.*  *Objections Based on Vagueness, Breadth, and Scope of Requests.*

   NITV objected to requests 1, 4, 21, 23 through 27, and 29 through 31 variously based on overbreadth, scope, temporal vagueness, and not reasonably calculated to lead to the discovery of admissible evidence, but, nevertheless, agreed to produce documents "reasonably believed to be responsive" to the requests.   As discussed above, NITV must produce documents pursuant to its agreement to do so.   To the extent that the limitation to documents "reasonably believed to be responsive" is intended to suggest that NITV reads some limitation into the requests, it is **ORDERED** that NITV must serve a supplemental response to each of these requests on or before May 11, 2007, in which it explicitly describes the manner in which it is narrowing each request.  *See Middle District Discovery (2001) at* III(A)(7) - (8).[6]

   Similarly, request 10 seeks documents sufficient to identify all employees of NITV, and their job title, since January 1, 1998.  NITV objected to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence, but, nevertheless, agrees to produce "certain documents which identify its employees."  It is impossible to determine from this response what

---

  [6] NITV also used the "reasonably believed to be responsive" language in its responses to requests 70 through 82, although it asserted no objections to these requests.  Because no objections were asserted, NITV may not now limit its agreement to produce responsive documents through a supplemental response.

responsive documents NITV is not agreeing to produce.  Accordingly, it is **ORDERED** that NITV

must serve a supplemental response to request 10 on or before May 11, 2007, in which it explicitly

describes the nature of the documents withheld.  *Id.*

  C. *Request for Sanctions.*

  Both parties request that the Court award sanctions against the other party.[7]  Federal Rule of

Civil Procedure 37(a)(4)(C) provides that if a motion to compel is granted in part and denied in part,

the Court may apportion the expenses incurred in relation to the motion among the parties and persons

in a just manner.

  For the reasons discussed above, NITV's failure to produce documents pursuant to its

agreement to do so was not substantially justified.  Its failure to produce a privilege log was excused,

however, by my earlier order. Doc. No. 18.  And, as discussed above, to the extent that NITV has

withheld documents based upon its objections to certain of the requests for production, the validity

of the objections has not been determined.  Accordingly, I conclude that an award of expenses is not

appropriate as to either party at this time.  However, counsel and the parties are cautioned that failure

---

  [7] In the future, a request for sanctions must be made by motion.  Requests contained within
a response will not be considered because the opposing party is not permitted, under the local rules
of this Court, to serve a reply to a request for sanctions contained within a response to a motion.

to comply with the orders set forth herein may result in sanctions.  *See, e.g.*, Fed. R. Civ. P.16(f) &
37.

      **DONE** and **ORDERED** in Orlando, Florida on April 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties