# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

VIPRE SYSTEMS LLC,

                              Plaintiff,

-vs-                                                    Case No.  6:06-cv-1631-Orl-28KRS

NITV LLC,

                              Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S "NOTICE REGARDING COUNTERCLAIM" FROM DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (Doc. No. 31)**
>
> **FILED:**     **May 3, 2007**

## I.     INTRODUCTION.

        In October 2006, Plaintiff VIPRE SYSTEMS LLC (VIPRE) sued Defendant NITV LLC

(NITV) alleging unfair competition in violation of the Lanham Act, common law unfair

competition, and tortious interference. Doc. No. 1. VIPRE also sought a declaratory judgment that

its voice stress analysis products were not developed with trade secrets stolen from NITV and that

VIPRE is not infringing NITV's copyright through its conversion sales program. *Id.*

        In November 2006, NITV initiated a civil action in the Southern District of Florida,

alleging copyright infringement, theft of trade secrets, misappropriation, and state and federal

RICO claims.  *See* Doc. No. 36.  The case number of this action is *NITV , LLC v. Hughes*, No. 06-81027-CIV-MARRA-JOHNSON.  *Id*.  VIPRE has moved to dismiss the claims asserted against it in the Southern District action "on various grounds, including the first filed rule."  *Id*.  "That motion has been fully briefed and the parties are awaiting the Court's ruling."  *Id*.

In December 2006, NITV filed an answer in this case.  Doc. No. 9.  This answer did not assert any counterclaims.  *See id*.  In February 2007, the Court entered a Case Management and Scheduling Order that set February 27, 2007 as the deadline for filing amended pleadings.  Doc. No. 11.

In March 2007, VIPRE received leave to file an amended complaint in this case.  Doc. No. 17.  The Amended Complaint also alleges unfair competition in violation of the Lanham Act, common law unfair competition, and tortious interference by NITV.  Doc. No. 19.  NITV filed an amended answer  that included the following "Notice Regarding Counterclaim":

> [NITV] has asserted claims against [VIPRE] in an action pending in the [Southern District of Florida] . . . .  Due to the pendency of those claims in that forum, [NITV] is not raising them here.  Should it ever be determined that those claims ought to have been brought as counterclaims in this action, NITV reserves its rights to assert them in that manner.

Doc. No. 30 at 9.

VIPRE moves to strike the "Notice Regarding Counterclaim" as unauthorized by any Federal Rule of Civil Procedure, including Federal Rule of Civil Procedure 13, and as inconsistent with the Court's Case Management and Scheduling Order.  Doc. No. 31.  NITV has responded, doc. no. 36, and the matter has been referred to me.

## II.     STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"'[S]triking a pleading . . . is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).  However, if appropriate, a motion to strike should be granted "in order to avoid unnecessary time and money in litigating invalid, spurious issues." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

## III.    ANALYSIS.

NITV has identified no basis for pleading a "Notice Regarding Counterclaim," and none appears.  Indeed, Federal Rule of Civil Procedure 7 provides that the following are allowed as pleadings: a complaint and answer, a counterclaim and reply, a cross-claim and answer, third-party complaints and answers, and, by order of the court, a reply to an answer.  "No other pleading shall be allowed . . . ." *Id.*

Despite this command, NITV argues that it is merely reserving its right to seek leave to amend its pleadings under Rule 15.  *See* Doc. No. 36 at 3-4 ("[T]he rules of procedure allow NITV to seek leave to amend its pleadings . . . and the Court can make its ruling based upon the applicable facts and law.").

As NITV recognizes, at this stage of the litigation, either party must obtain leave of Court to file amended pleadings in this case.  Fed. R. Civ. P. 15(a).  Accordingly, by way of a notice, NITV may not reserve a right to amend or otherwise bypass the requirement that the Court approve any potential amendments.  Rather, any such requests would need to be made by motion.  As such, the "Notice Regarding Counterclaim" is not authorized as a pleading, and is immaterial based on the availability of a motion for leave to amend should circumstances require it.[1]

---

[1]  Indeed, the fact that VIPRE received leave to file an amended complaint after the expiration of the deadline established by the Case Management and Scheduling Order shows that,

Because NITV will need to seek leave before filing any amended pleadings in this case, any questions regarding the propriety of the proposed counterclaims, such as whether they are consistent with Rule 13, are better addressed in the context of a motion for leave to amend and after consideration of the potential preclusive effect of any orders entered by the Southern District of Florida.

## IV.   CONCLUSION.

Based on the foregoing, the "Notice Regarding Counterclaim" is unauthorized and immaterial, and should be stricken.  Accordingly, I respectfully recommend that Plaintiff's Motion to Strike Defendant's "Notice Regarding Counterclaim" From Defendant's Answer and Affirmative Defenses to Amended Complaint, doc. no. 31, be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 20, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

in appropriate circumstances, permission to amend may be granted.