UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:06-CV-1631-ORL-28KRS

VIPRE SYSTEMS, LLC, a Florida limited liability company,

VIPRE,

v.

NITV, LLC, a Florida limited liability company,

Defendant.
_______________________________________/

**NITVS RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS UNDER RULE 37**

Defendant, NITV, LLC ("NITV"), through counsel, opposes VIPRE SYSTEMS' Motion to Compel Further Deposition Testimony and for Sanctions, and in support thereof states as follows:

I. CVSA II DISCOVERY.

A. On July 31, 2007, over a week before VIPRE filed the above-referenced Motion, NITV proposed a stipulation using language taken from this Court's Order of June 20, 2007 (D.E. 39), which VIPRE has failed to disclose to this Court in its Motion. A copy of that Stipulation is attached hereto as **Exhibit A**[1]. This Stipulation was written in conformance[2] with the statement by this Court in its Order dated June 20, 2007 (D.E. 39) that "…unless NITV is willing to stipulate that VIPRE is not infringing the CVSA II product, discovery regarding that product is appropriate." By implication, therefore, NITV's *willingness* to stipulate that the

---

[1] Counsel for NITV has heard nothing from Counsel for VIPRE in response to the proffered Stipulation.
[2] As to the various questions posed by VIPRE on page 4 of this Motion, NITV has deleted the objected to language from the Stipulation.

VIPRE product does not infringe the CVSA II product should render discovery regarding the CVSA II product inappropriate.

NITV hereby makes of record its willingness to enter into the Stipulation of Exhibit A, or, alternatively, respectfully requests that the Court enter the Stipulation into the record and deny VIPRE's Motion in so far as it seeks discovery into VIPRE's CVSA.

II. THE "NOTICE" SENT OUT BY NITV DOES NOT, IN ANY WAY, ACCUSE VIPRE OF INFRINGING ANY RIGHT OF NITV.

VIPRE has sought technical, development and sales information about NITV's CVSA II product. VIPRE bases its request for information on the CVSA II on its (VIPRE's) contention that the Notice, a copy of which is attached hereto as **Exhibit B**, alleges that the VIPRE product infringes NITVs copyright. A simple review of the Notice, however, reveals that it does no such thing. Moreover, the CVSA II was not released onto the market until January, 2007, over four months after the Notice was created.

NITV believes that the instruction to its 30(b)(6) deponent not to answer questions regarding the CVSA II product, including sales thereof, was appropriate due to the highly sensitive trade secret status of the CVSA II product. NITV's contention that the CVSA II is irrelevant to any issue in this proceeding was already before the Court by way of NITVs Motion for Protective Order (D.E. 37) filed prior to the commencement of the deposition, and was well known to VIPRE as a result of the depositions of William Endler and Charles Humble taken in May, 2007, in the case of *NITV, LLC v. David Hughes*, *et al*, Case No. 06-81027 ("Southern District Case").

III. NITV'S CORPORATE REPRESENTATIVE *WAS* FULLY PREPARED TO ANSWER QUESTIONS ABOUT THE TOPICS IN VIPRE'S DEPOSITION NOTICE TO THE EXTENT ON NITVS KNOWLEDGE.

A. Topic 1; Development, Creation and Use of NITVs Copyrighted Works.

The first line of questioning which VIPRE contends that the proffered witness was unprepared to answer, relative to "centering of patterns" and "filtering voice data to create the pattern", are highly technical in nature, and require expertise that is beyond the scope of any employee of NITV (or NITV as an entity). Charles Humble, the representative of NITV designated in response to VIPRE's 30(b)(6) notice, and the founder of NITV, has no scientific background, and certainly did not design or create any of the software embodied in the CVSA product. The only employee of NITV who participated to some extent with the original development of the CVSA program is David Hughes, NITV's former managing director who stole NITVs trade secrets and left NITV without notice on August 29, 2005. All of the development, modification and maintenance to the CVSA program has been performed by independent contractors. VIPRE may chose to depose them.

Therefore, it is not possible for NITV to designate anyone with the detailed technical knowledge sought by VIPRE of the subject matter of these questions.

Regarding the next line of questioning, relative to "licenses or agreements for NITV to use software of third parties in its CVSA product", NITV made a diligent search of its records and does not have any such licenses. See declaration of Charles Humble, attached hereto as **Exhibit C**. Nor does any employee of NITV have any knowledge as to the terms of any licenses or agreements that have been entered into for NITV to use software of third parties in its CVSA product. Any such licenses were obtained by NITV's contractor Orlando Software Group

or David Hughes. If Mr. Hughes ever had such documents, he must have taken them with him. Therefore, no one within NITV is knowledgeable regarding such licenses or agreements.

B. Topic 7: Investigation, Testing, Examination or Review of any VIPRE Product by NITV or reported to NITV;
Topic 18: The Factual Basis for NITV's Contention that VIPRE has infringed any Copyrights of NITV.
Topic 10: The Factual Basis for NITV's Contentions that VIPRE has infringed any Rights of NITV.

None of the question and answer sets cited by VIPRE under these topics reflect that NITV failed to produce a properly prepared 30(b)(6) representative. Again, discovery is being conducted. NITV's infringement allegations are based on information and belief. Under Fed. R. Civ. P. 11, where allegations are specifically so identified (e.g. by stating that they are made on information and belief), it is permissible to make allegations reasonably believed "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Ronald Abramson, *Pre-Filing Investigations in IP Litigation, Ethics in Context*, Winter 2006, Practicing Law Institute, December, 2006. NITV has the right to conduct discovery to fully develop the factual issues for this Court to rule upon. *Auto Inspections Services, Inc. v. Flint Auto Auction, Inc*., 2007 W.L. 674312 (E.D. Mich.).

NITV has not received any report on the investigation it has presently engaged its computer software expert to perform. VIPRE is on notice as to the identity of that expert. At present, VIPRE and Defendant are in a dispute over the completeness of the production of the VIPRE program materials to NITV upon which NITV is to conduct the evaluation. NITV's expert has informed NITV that the materials contained within the DVD given by counsel for VIPRE to counsel for NITV are insufficient to perform an analysis of the VIPRE program and make a comparison thereof with the CVSA. For example, NITV's expert informs NITV that

VIPRE has not even produced a complete copy of its source code for any version of the VIPRE product. NITV received what VIPRE's counsel represented to be the entirety of the VIPRE source code at the end of May, 2007. NITV's expert has concluded that what was provided is insufficient. The declaration of NITV's expert, Dr. Richard Cooper, is attached hereto as **Exhibit D**. VIPRE vigorously disputes these assertions.

Moreover, discovery does not close in this action until December 21, 2007**.** In virtually all computer software copyright infringement cases, the copyright owner is not able to obtain a copy of the allegedly infringing program prior to filing suit, because software programs are held in strict secrecy. Therefore, the claim brought by NITV against VIPRE in the Southern District Case was justifiably based on information and belief. NITV was not able to obtain a copy of VIPRE's software before filing suit in the Southern District Case or being sued in the instant action.

However, there exists substantial circumstances which give rise to NITV's claim of copyright infringement against VIPRE. Those circumstances are being investigated through discovery. NITV has served VIPRE with an initial set of requests for production on July 17, 2007, and will be serving interrogatories on VIPRE within 1-2 days.

Irrespective of the fact that VIPRE is not content with the progress of NITV's discovery to date, the fact that NITV is not in possession of *all* of the evidence it needs, and expects to obtain, to prove that the VIPRE program infringes the CVSA does not permit the conclusion that NITV failed to prepare its 30(b)(6) witness.

It is important to note that, during the depositions of Mario Martinez, who is alleged to be a computer programmer who wrote the VIPRE program, and Robert Jenkins, the majority shareholder of VIPRE, taken by NITV in July, testimony was adduced that contradicts

VIPREs assertions, both in the marketplace and within court filings in this case and the Southern District Case, regarding the amount of time that it took to create the VIPRE program. The testimony to this effect has been marked "Attorney's Eyes Only" by Counsel for VIPRE such that NITV is not at liberty to file same with the Court. This one piece of information, NITV believes, however, is indicative of the true state of affairs which NITV believes it will uncover during discovery. Therefore, it is unfair for VIPRE to accuse NITV's witness of being unprepared to provide answers as to evidence NITV has yet to uncover.

Moreover, VIPRE and third party witnesses have knowledge of facts that NITV believe it will discover in this case. NITV should not be barred from defending this action because it has not completed discovery four months early.

The reference to "scoring algorithm" by the deponent at Page 203, line 16, is to one of NITV's scrapped scoring algorithms, not the scoring algorithm embodied in the CVSA II. See Declaration of Charles Humble in support of NITV's Motion for Protective Order (D.E. 37, Exhibit A).

C. Topic 19: Aspects or Elements [of] the CVSA Product, [sic] Which NITV considers to be its copyrightable subject matter.

Aside from the unfairness of isolating this narrow passage from the deposition transcript, VIPRE has the right to depose NITV's software expert, as well as the programmer (Dino Gerardo) who wrote the code, and to serve a contention interrogatory later in discovery.

The cited question and answer certainly do not reflect a failure of preparation of NITV's 30(b)(6) witness as to highly technical subject matter, both scientifically and legally.

D. Topic 22: Communications by and between NITV and any third parties concerning VIPRE or the VIPRE Product.

As a first matter, the information sought by the line of questioning under this topic was fully explored by counsel for VIPRE at the deposition of William Endler in May 2007 in the Southern District Case. In addition, the information was provided in a detailed response submitted by NITV to an interrogatory propounded by counsel for David Hughes in that case, and VIPRE is in possession of that interrogatory response. Additionally, Mr. Endler could not be designated by NITV as he was no longer an employee of NITV at the time the 30(b)(6) deposition was taken. NITV is prepared to arrange a suitable time for Mr. Endler to yield his deposition. However, this should be unnecessary as counsel for VIPRE was present at Mr. Endler's deposition in the Southern District Case and spent a number of hours questioning him.

IV. The relief sought by VIPRE is wholly unwarranted. VIPRE has failed to establish that NITV failed to produce a witness who was properly prepared. VIPRE is attempting to portray NITV and its counsel as having shirked its responsibility under Rule 30(b). In actuality, VIPRE simply is not satisfied with responses it received at the deposition as to certain of its questions, some of which questions NITV, as a company, has no knowledge of, some of which NITV has the right to discover through discovery.

VIPRE notes that this deposition was ordered by the Court (D.E. 28). VIPRE fails to point out, however, that the parties reached agreement, as to the deposition, and filed a Stipulation reflecting that agreement (D.E. 32), which Stipulation was reached because counsel for VIPRE and Defendant agreed prior to executing the Stipulation of D.E. 32 that the deposition of NITV's corporate representative would proceed under the 30(b)(6) notice served by VIPRE with the understanding that the parties would deal with objections on a question-by-question

basis, which the parties did. Although there may be a dispute over those objections now, that is certainly not a basis for striking NITV's defenses and prohibiting any evidence of copyright infringement or trade secret theft in this case.

NITV and its counsel regret the unfortunate comment made in Section D of VIPRE's Motion relating to "juvenile tactics". That type of commentary has no place in this dignified forum.

NITV respectfully requests that the Court deny the Motion. Discovery is ongoing, and NITV has the right to avail itself thereof.

Dated: August 20, 2007

Respectfully submitted,

| | |
|---|---|
| VIPRE SYSTEMS, LLC<br><br>By: s/Jeffrey S. Boyles<br><br>Name: Jeffrey S. Boyles<br><br>Title: Counsel for VIPRE | NITV, LLC<br><br>By: s/Kevin P. Crosby<br><br>Name: Kevin P. Crosby<br><br>Title: Counsel for NITV, LLC |
| Jeffrey S. Boyles (Florida Bar No. 722308)<br>Brian R. Gilchrist (Florida Bar No. 774065)<br>E-mail: bgilchrist@addmg.com<br>Herbert L. Allen (Florida Bar No. 114126)<br>E-mail: hallen@addmg.com<br><br>Allen, Dyer, Doppelt, Milbrath&Gilchrist, P.A.<br>255 South Orange Avenue, Suite 1401<br>PO Box 3791<br>Orlando, Florida 32802-3791<br>407-841-2330<br>Fax 407-841-2343<br>Attorneys for VIPRE | Kevin P. Crosby (Florida Bar No. 654360)<br>E-Mail:kevin.crosby@brinkleymorgan.com<br>Mark A. Levy (Florida Bar No. 121320)<br>E-Mail: mark.levy@brinkleymorgan.com<br><br>Brinkley, Morgan, Solomon, Tatum, Stanley, Lunny & Crosby, LLP<br>200 E. Las Olas Blvd., Suite 1900<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 522-2200<br>Facsimile: (954) 522-9123<br>Attorneys for Defendant |

G:\wpfiles\clients\NITV\07003- LIT- vs VIPRE - USDC 06-1631 (VIPRE)\Pleadings\NITV R-Oppo to Defs M-to Compel Deposition Testimony.doc