**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIPRE SYSTEMS LLC,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:06-cv-1631-Orl-28KRS**

**NITV LLC,**

        **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT VIPRE SYSTEMS, LLC'S MOTION . . . TO COMPEL DEPOSITION TESTIMONY OF NITV AND FOR SANCTIONS UNDER RULE 37 (Doc. No. 45)**
>
> **FILED:** August 6, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

According to the allegations of the amended complaint, both Plaintiff VIPRE Systems, Inc. (VIPRE) and Defendant NITV, LLC (NITV) have marketed voice stress analysis products.[1] Doc. No. 19. VIPRE contends that NITV has falsely asserted to consumers and potential consumers of these products that VIPRE's voice stress analysis product is untested and inferior to NITV's voice stress

---

[1] NITV marketed its products under the mark "CVSA," and have offered training for these products under the marks "NITV" and "National Institute for Truth Verification." Doc. No. 19 ¶ 11. The current version of NITV's product is "CVSA II." Doc. No. 45 at 2.


analysis product, and that VIPRE "stole the technology" for its products from NITV, among other things. *Id.* As a result VIPRE sued NITV alleging unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition and tortious interference. VIPRE also seeks a declaratory judgment that its voice stress analysis products were not developed with trade secrets stolen from NITV and that VIPRE is not infringing NITV's copyright through its conversion sales program. *Id.*

One day before a Rule 30(b)(6) deposition of NITV was scheduled to occur in this case, NITV filed a motion for a protective order. Doc. No. 37. NITV sought to preclude VIPRE from inquiring about the development of new material contained in the CVSA II voice stress analyzer product that was not developed until after NITV's former Managing Director, David Hughes, left his employment with NITV in August 2005.

The motion had not yet been ruled upon when the Rule 30(b)(6) deposition took place. Nevertheless, at the Rule 30(b)(6) deposition, counsel for NITV directed the corporate representative not to answer questions regarding CVSA II because a motion for protective order was pending. Counsel erred in these instructions to the witness.[2] The pendency of a motion for a protective order does not excuse the moving party from responding to discovery requests, including answering questions posed during a deposition. *Cf. Hepperle v. Johnson*, 590 F.2d 609, 612 (5th Cir. 1979)(A deponent has a duty to appear at a deposition despite the pendency of an unresolved motion for a

---

[2] NITV's counsel also erred by instructing the corporate representative not to answer questions regarding financial information because he determined it was not relevant. Federal Rule of Civil Procedure 30(d) only permits an attorney to instruct a deponent not to answer a question "when necessary to preserve a privilege, to enforce a limitations directed by the court, or to present a motion under Rule 30(d)(4)." Accordingly, objections to relevancy are not an appropriate basis to instruct a deponent not to respond to questions.

protective order.); *see also* Middle District Discovery (2001) at 20 ("The mere filing of a motion for a protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the requested or scheduled discovery.").

I subsequently denied the motion for a protective order. I wrote that "unless NITV is willing to stipulate that VIPRE is not infringing the CVSA II product, discovery regarding the product is appropriate." Doc. No. 39 at 2.

NITV subsequently filed a stipulation that "based upon all of the information present known to NITV, there is no basis for NITV to claim that the VIPRE product infringes any copyright to the New Material embodied in the CVSA II product." Doc. No. 41. This stipulation is insufficient to avoid discovery regarding the CVSA II product because it leaves open the possibility that NITV would contend that VIPRE's voice stress analyzer infringes a copyright in the CVSA II product if further information is developed supporting such an assertion. Because NITV leaves open the possibility of such a claim, VIPRE is entitled to take discovery regarding the CVSA II product.[3]

VIPRE also contends that NITV's corporate representative was not prepared to answer questions regarding certain topics set forth in the notice of the Rule 30(b)(6) deposition. *See* Doc. No. 45 at 9-17. This argument is availing only as to topic 22, *see id.* at 15-16. NITV's argument that VIPRE had already deposed a person with knowledge, William Endler, in the case pending in the Southern District of Florida does not excuse its failure to produce a corporate representative with

---

[3] Accordingly, I concur with the ruling issued in the Southern District of Florida in a lawsuit between NITV and VIPRE that NITV must produce representatives to testify regarding "the function, logic flow, algorithms, source and objects codes, libraries, subroutines, test procedures, development, and designer of the CVSA II" and other trade secret information. Doc. No. 45, ex. B at 7.

knowledge to testify in the present case. When a Rule 30(b)(6) witness speaks, the witness speaks on behalf of the corporation, stating the opinion of the corporation, not his personal opinion. Thus, the availability of a fact witness does not satisfy the corporation's burden to produce a corporate representative to present testimony that will be binding on the corporation.

As to the remaining topics at issue, in the quoted portions of the deposition contained in VIPRE's motion, the corporate representative provided answers to the questions posed. VIPRE may be dissatisfied with those answers, but that dissatisfaction does not equate with a failure to produce a witness with knowledge of each of the topics contained in the notice.

Accordingly, it is **ORDERED** that NITV shall produce one or more corporate representatives prepared to testify about CSVA II, sales and financial information, and topic 22: "Communications by and between NITV and any third parties concerning VIPRE or the VIPRE Product." It is further **ORDERED** that VIPRE may inquire again of the corporate representative regarding topics on which the corporate representative testified he did not yet have the responsive information to determine whether the corporation has additional responsive information. *See* Doc. No. 45 at 10 (witness not aware whether a comparison had been done between the NITV source code and the VIPRE source code), 10-11, 13-15 (witness believed that ongoing discovery would provide additional information responsive to certain questions). VIPRE is granted an additional day not to exceed seven hours to complete the questioning of NITV's corporate representative(s).

The request that NITV be sanctioned by precluding it from relying on information not disclosed in the Rule 30(b)(6) deposition is **DENIED**. There has been no showing that, except for questions about which the Court has permitted reopening of the Rule 30(b)(6) deposition, NITV had information responsive to the deposition questions that it did not disclose.

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties