**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIPRE SYSTEMS LLC,**

        **Plaintiff,**

-vs-                                **Case No. 6:06-cv-1631-Orl-28KRS**

**NITV LLC,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO STAY DISCOVERY RELATED TO PLAINTIFF'S CLAIM FOR A DECLARATORY JUDGMENT OF NON-INFRINGEMENT (Doc. No. 87)** |
| **FILED:** | **November 21, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The presiding district judge in this case has previously rejected the contention that there is no case or controversy with respect to the declaratory judgment claim. *See* Doc. Nos. 22 & 27. Furthermore, there is pending in the United States District Court for the Southern District of Florida a lawsuit in which Defendant NITV, LLC alleges that Vipre Systems, LLC, the plaintiff in the present case, infringed NITV, LLC's copyright in its CVSA software, software manual and training materials.

*NITV, LLC v. David Hughes, et al.*, Case No. 06-81027-CIV-KAM.[1]  Although the complaint in the Southern District case was filed after the complaint in the instant case, the Southern District case is some evidence that a controversy existed between NITV, LLC and Vipre Systems, LLC at the time the complaint was filed in the present case.

Thus, while the presiding district judge may reconsider his earlier finding after review of the evidence submitted in support of the motion for summary judgment, on the present record good cause does not exist to stay discovery in this case.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] NITV, LLC purposed to "reserve[] its right to assert" the claims pending in the Southern District case against Vipre Systems, LLC in this case "[s]hould it ever be determined that those claims ought to have been brought as counterclaims in this action . . . ."  Doc. No. 30 at 10.